## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **MORNING LIGHT INC** | **CASE NO.  3:24-CV-01449** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LINCOLN BENEFIT LIFE CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 37] filed by Defendant, Lincoln Benefit Life Co. ("Lincoln Benefit"), arguing all claims against it should be dismissed. Plaintiff, Morning Light Inc. ("Morning Light"), opposes the Motion [Doc. No. 39]. Lincoln Benefit filed a reply [Doc. No. 41].

For the following reasons, Lincoln Benefit's Motion is **GRANTED**.

## I.    Background

This insurance suit arises from a policy Lincoln Benefit issued to David Woods ("Woods") on November 15, 1995 (the "Policy").[1] Woods initially owned the Policy, and its initial primary beneficiaries were Woods' daughters, Shawna Woods ("Shawna") and Nicole Woods ("Nicole"), and its contingent beneficiary was Woods' brother, Larry Woods.[2] The Policy was in effect when Woods died around April 11, 2022.[3] Between these two dates, Woods made several changes to the Policy.

---

[1] [Doc. No. 37-10, at ¶ 1].
[2] [Id. at ¶¶ 1–3].
[3] [Doc. No. 1-1, at ¶ 2].

In 1999, Woods transferred ownership of the Policy from himself to Morning Light, an entity he owned and ran.[4] Woods also made Morning Light the Policy's primary beneficiary and relegated Shawna and Nicole to contingent-status.[5] A year later, Woods, on behalf of Morning Light, re-designated Shawna and Nicole and added his then-spouse, Shirley Woods ("Shirley"), as primary beneficiaries.[6] Finally, in 2015, Woods reverted ownership of the Policy from Morning Light to himself.[7]

Relevant to this suit, in October 2020, Woods asked Lincoln Benefit for clarification on who was listed as a beneficiary to the Policy.[8] Lincoln Benefit responded with a letter, dated November 4, 2020, which listed Morning Light as the primary beneficiary and Shirley and Nicole as contingent beneficiaries (the "Letter").[9] Morning Light alleges Woods made no changes to the Policy because of the Letter's re-assurance that Morning Light was a beneficiary.[10]

After Woods died, Shawna notified Lincoln Benefit of Woods' death.[11] Lincoln Benefit, pursuant to Woods' 2000 beneficiary re-designation, sent claim forms to Shawna, Nicole, and Shirley.[12] Shawna and Shirley filed their claims and were each issued checks.[13] Morning Light inquired why it did not receive a claim form and then found out they were removed as beneficiaries in 2000, contradicting the Letter.[14]

---

[4] [Doc. No. 37-10, at ¶ 4].
[5] [Id. at ¶ 5].
[6] [Id. at ¶ 6].
[7] [Id. at ¶ 7].
[8] [Doc. No. 39, at p. 6].
[9] [Doc. No. 39-5].
[10] [Doc. No. 39, at p. 6].
[11] [Doc. No. 37-10, at ¶ 9].
[12] [Id.].
[13] [Id. at ¶¶ 10–11].
[14] [Doc. No. 39, at p. 7].

Morning Light filed this suit in state court;[15] and Lincoln Benefit removed the case to this Court, citing diversity jurisdiction.[16] Lincoln Benefit filed this Motion, arguing Morning Light cannot prove Lincoln Benefit (1) breached the Policy, (2) caused Woods to act in detrimental reliance, or (3) acted in bad faith.[17]

The parties have briefed all relevant issues, and the matter is ripe.

## II.     Law and Analysis

### A.     Standard of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

---

[15] [Doc. No. 1-1, at p. 1].
[16] [Doc. No. 1].
[17] [Doc. No. 37-1, at pp. 9, 11]; [Doc. No. 41, at p. 4].

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249 (1986) (citation modified).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation modified). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

In diversity cases such as this, the forum state, i.e., Louisiana's substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## B.    Breach of the Policy

Lincoln Benefit argues Morning Light's vague state court petition should be treated as a breach of contract claim based on Morning Light's request seeking

damages for "the face amount of the" Policy.[18] Lincoln Benefit argues they are entitled to summary judgment on this claim because Morning Light cannot point out which Policy provisions Lincoln Benefit violated.[19] Morning Light seemingly argues that Lincoln Benefit committed misrepresentation when they issued the Letter to Woods, stating Morning Light was a beneficiary, which in turn is a breach of the Policy.[20]

Morning Light is mistaken. They conflate Section 22:1892's provision that misrepresentation constitutes a violation of the good faith duty with a breach of contract. LA. REV. STAT. § 22:1982 (2025). Under Louisiana law, plaintiffs claiming breach of insurance contracts, however, must allege and point "to a specific *policy provision*" that the defendant breached. *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 651 (E.D. La. 2022) (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002)) (emphasis added). Here, Morning Light does not point to a single Policy provision that Lincoln Benefit breached. This is because there are none. The Policy clearly lists Shawna, Nicole, and Shirley as beneficiaries and Woods as its owner.[21] Thus, Lincoln Benefit had no duties towards Morning Light since Morning Light was terminated as the Policy's beneficiary and owner before Lincoln Benefit issued the Letter.[22]

Accordingly, Lincoln Benefit's Motion is **GRANTED** as to Morning Light's claim for breach of contract.

---

[18] [Doc. No. 37-1, at p. 9].
[19] [Doc. No. 41, at p. 2].
[20] [Doc. No. 39, at p. 10].
[21] [Doc. No. 37-8, at p. 2]; [Doc. 37-9, at pp. 3–6].
[22] [Doc. No. 37-8, at p. 2]; [Doc. 37-9, at pp. 3–6].

### C.    Detrimental Reliance

Lincoln Benefit argues Morning Light's detrimental reliance claim, from Morning Light's First Amended Complaint,[23] cannot go forward as a matter of law. First, they argue that Morning Light cannot bring the detrimental reliance claim since Lincoln Benefit made the relevant statements to Woods, not Morning Light.[24] Second, they argue, under *Koerner v. CMR Construction & Roofing, L.L.C.*, the statements made to Woods in the Letter do not qualify as a promise—a prerequisite for detrimental reliance.[25] Third, they argue Woods could not have acted differently even if provided with the correct information since he was barred by court-order from changing his life insurance beneficiaries until his divorce proceedings were over.[26] The arguments favor Lincoln Benefit.

First, the Fifth Circuit held, in *In re Ark-La-Tex Timber Co., Inc.*, that "successful detrimental reliance claims are based upon *promises made to the claimant by the other party*." 482 F.3d 319, 334 (5th Cir. 2007) (footnotes omitted) (emphasis added). Here, Lincoln Benefit sent the Letter, with the incorrect information, to Woods, not to Morning Light. So, the alleged promise was not made to Morning Light—the claimant in this suit. Thus, Morning Light cannot bring the claim.

Second, the Fifth Circuit held, after reviewing Louisiana state court cases and examining Louisiana's detrimental reliance cause of action, that detrimental reliance claims require the existence of "a promise—an assurance to do or not do something

---

[23] [Doc. No. 30].
[24] [Doc. No. 41, at p. 4].
[25] [Id. at p. 6 (citing 910 F.3d 221 (5th Cir. 2018))].
[26] [Id. at p. 5].

in the future." *See Koerner*, 910 F.3d 221 at 231–32 (citing *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005); *Wooley v. Lucksinger*, 961 So. 2d 1228, 1239 (La. Ct. App. 2007); LA. CIV. CODE ANN. art. 1967 (2018)). Applying this definition, the *Koerner* court held the defendant's assurance that performing certain roof work would fix all of plaintiff's roof problems was not a promise. *Id.* at 232.

Similarly, the Letter here merely told Woods who was listed as a beneficiary to the Policy along with other information about the Policy.[27] Nothing in the Letter even remotely falls within *Koerner*'s definition of a promise as nothing in the Letter constituted "an assurance to do or not do something in the future." *Id.*

Since there are already two bases for granting summary judgment and the parties have not cited if and when the alleged state court order, prohibiting Woods from changing the Policy, was lifted, the Court does not address that argument. "If it is not necessary to decide more [to dispose of a case, then] it is necessary not to decide more." *PDK Labs., Inc. v. United States DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment).

Accordingly, Lincoln Benefit's Motion is **GRANTED** as to Morning Light's claim for detrimental reliance.

## D. Bad-Faith

Lincoln Benefit argues that since Morning Light's suit was filed and removed after Louisiana repealed its former good faith in insurance contracts provision (LA. REV. STAT. § 22:1973 (2024)), that statute is inapplicable and its replacement statute

---

[27] [Doc. No. 39-5].

(LA. REV. STAT. § 22:1892 (2025)) does not authorize suits for bad faith by life insurance providers.[28] Morning Light, however, counters that since the repealed statute was substantive, the repeal should apply prospectively.[29]

To recover a claim of bad faith under either Sections 22:1892 or 22:1973, "a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based. The penalties authorized by these statutes do not provide a cause of action against an insurer absent a valid, underlying insurance claim." *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021) (quoting *Pelle v. Munos*, 296 So. 3d 14, 25 (La. Ct. App. 2020)) (cleaned up). In other words, "breach of contract is a prerequisite to recovery for the breach of the duty of good faith." *Id.* (quoting *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010)). So, when a breach of insurance contract claim fails, a bad faith claim also fails. *Id.*

Here, Morning Light has no underlying breach of insurance contract claim.[30] As such, Louisiana law also bars Morning Light's bad-faith claims.

Since Morning Light could not bring a bad-faith claim under either statute, the Court finds it unnecessary to determine which statute would have applied. "If it is not necessary to decide more [to dispose of a case, then] it is necessary not to decide more." *PDK Labs.*, 362 F.3d at 799.

Accordingly, Lincoln Benefit's Motion is **GRANTED** as to Morning Light's claim for bad-faith.

---

[28] [Doc. No. 37-1, at pp. 11–12]; [Doc. No. 41, at pp. 6–7].
[29] [Doc. No. 39, at pp. 15–16].
[30] *See supra* Part II.B.

### III.    Conclusion

For the above-stated reasons,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Lincoln Benefit's Motion for Summary Judgment [Doc. No. 37] is **GRANTED**, and Morning Light's claims against Lincoln Benefit are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 26th day of November 2025.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE